IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GLORIA FAYE CLEMENTS, INDIVIDUALLY AND AS INDEPENDENT EXECUTOR OF THE ESTATE OF ROBERT JERRY CLEMENTS, JR., DECEASED, | § | |
| *Plaintiff,* | § | |
| v. | § | Civil Action No. 5:21-cv-873 |
| NEW YORK LIFE INSURANCE COMPANY, | § | |
| *Defendant.* | § | |

**<u>DEFENDANT'S NOTICE OF REMOVAL</u>**

Defendant, New York Life Insurance Company ("NYL"), for the purpose only of removing this cause to the United States District Court for the Western District of Texas, San Antonio Division, respectfully states as follows:

1. **The State Court Action.** This action was filed on August 19, 2021, in the 216th Judicial District Court of Kerr County, Texas, under Cause No. 21493A (the "State Court Action"). Plaintiff seeks to recover accidental death benefits under an Accidental Death Benefit Certificate Rider (the "Rider") issued by NYL. [*See* Plaintiff's Original Petition ("Petition"), ¶ 12.]

2. **Diversity of Citizenship**. This action is removable under 28 U.S.C. §§1332, 1441 and 1446 inasmuch as the amount in controversy exceeds $75,000.00 and is between parties with diverse citizenship. Plaintiff is a citizen of Texas. [Petition, ¶ 2.] Defendant NYL is a New York mutual life insurance company with its principal place of business in

New York, New York. [Declaration, Exhibit A.] Therefore, Plaintiff is a citizen of Texas, and Defendant is a citizen of New York for removal and diversity purposes. There is complete diversity of citizenship between Plaintiff and Defendant at the time of filing suit and at the time of removal. Plaintiff seeks accidental death benefits of $50,000.00 and multiple damages for "knowing" violations under Tex. Bus. & Com. Code § 17.50(b)(1). [Petition, ¶¶ 28, 30.] In determining the amount in controversy, items considered include potential liability under the Rider, statutory or multiple damages, penalties, punitive damages, attorneys' fees, and interest. *See, e.g., St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir.1998); *Coburn v. Am. Gen. Life & Acc. Ins. Co*., CIV.A. H-12CV3678, 2013 WL 2289937, at *2 (S.D. Tex. May 22, 2013) (Harmon, J.) (treble damages under the DTPA considered in calculating amount in controversy); *Alvidres v. Allstate Texas Lloyds*, 7:16-CV-438, 2016 WL 9415195, at *3 (S.D. Tex. Oct. 4, 2016) (Alvarez, J.) (same). In this case, Plaintiff's actual damages alone, if trebled pursuant to Tex. Bus. & Com. Code § 17.50(b)(1) total $150,000.00. This Court therefore has original jurisdiction pursuant to 28 U.S.C. § 1332, and NYL has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See Manguno v. Prudential Prop. & Cas. Ins. Co*., 276 F.3d 720, 723 (5th Cir. 2002) (removal is proper and amount in controversy is satisfied when it is apparent from the face of the petition that plaintiff's claims are likely to exceed $75,000.00). This action is wholly of a civil nature.

3. **Removal is Timely.** This removal is timely filed under 28 U.S.C. § 1446(b) as the thirty-day time period began running no earlier than August 23, 2021, the date on

which NYL was served with a copy of the Petition. [*See* Citation Return attached as Exhibit B.]; s*ee also Mathis v. DCR Mortg. II Sub I, LLC*, 942 F.Supp.2d 649, 651 (W.D. Tex. 2013) (holding each defendant has thirty days after service to file a notice of removal).

4. **State Court Documents Attached.** All pleadings filed in the State Court Action are attached hereto as Exhibit C.

5. **Notice.** NYL shall give notice of filing of the Notice of Removal to all parties of record pursuant to 28 U.S.C. § 1446(d) and will file with the state court a notice of filing this Notice of Removal.

6. **Prayer.** NYL prays that the United States District Court for the Western District of Texas, San Antonio Division, accept this Notice of Removal, that it assumes jurisdiction of this cause, and that it issues such further orders and processes as may be necessary to bring before it all parties necessary for the trial hereof.

Dated: September 14, 2021

Respectfully submitted,

By: */s/ Lance V. Clack*

Andrew G. Jubinsky
Texas Bar No. 11043000
andy.jubinsky@figdav.com
Lance V. Clack
Texas Bar No. 24040694
lance.clack@figdav.com

FIGARI + DAVENPORT, LLP
901 Main Street, Suite 3400
Dallas, TX, 75202
T: (214) 939-2000
F: (214) 939-2090

ATTORNEYS FOR DEFENDANT
NEW YORK LIFE INSURANCE COMPANY

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document has been served via E-mail on the parties listed below on September 14, 2021:

Mark Prislovsky
Attorney at Law
104 Plaza Drive, Suite A
Kerrville, TX 78028
mprislovsky@gmail.com

*/s/ Lance V. Clack*
Lance V. Clack